H. H. SAWYER; Appellant, v. F. B. COLLINS.

Intoxicating liquors: RESOLUTION OF COUNCIL: SUFFICIENCY. One of the essential requisites to the right to sell intoxicating liquor under the mulct law is that the town council shall by formal action adopt a resolution authorizing the same and that a record of such action shall be preserved. And where this has not been done a properly certified copy of the resolution can not be made and filed with the auditor as contemplated by the statute. In this action it is held that the purported resolution of the council and the record thereof were insufficient.

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, Judge.

MONDAY, OCTOBER 24, 1910.

ACTION to abate a liquor nuisance. There was a decree for the defendant, and plaintiff appeals.—*Reversed.*

*John F. Joseph,* for appellant.

*Geo. G. Yeaman,* for appellee.

McCLAIN, J.—The sole question raised on the trial was as to the sufficiency of the showing that defendant, who

was conducting the business of selling intoxicating liquors in the town of Danbury in Woodbury County, had received the consent of the town council to conduct such business. The statute provides as one of the conditions which must be complied with by one seeking to engage in the business of selling intoxicating liquors, where such sales are otherwise authorized by law, that, when appearing to pay the mulct tax, he "shall file with the county auditor a certified copy of a resolution regularly adopted by the city council consenting to such sales by him." Code, section 2448, par. 2.

By stipulation in this case it appears that the following is a true and correct copy of the action or resolution of the town council of Danbury with respect to defendant, and that the original was filed by him with the county auditor and has since remained on file:

Danbury, Iowa, June 24, 1909.
To the Honorable Mayor and Town Council of the Incorporated Town of Danbury, Iowa.

Gentlemen: I hereby petition your honorable body to grant me the privilege of conducting a saloon on lot 10, block 7, of Danbury, Iowa.          F. B. Collins.

Sixth month 25th day, 1909.
Called vote of council.
Trustee Boyer voted yea.
Trustee Braig voted yea.
Trustee Collins voted yea.
Trustee Jacobson voted yea.
Trustee Drea voted yea.
Carried.          P. C. Keitges, Mayor.
Attested: P. N. M'Laughlin, Town Clerk.

It seems to us that the filing of this paper with the county auditor did not constitute a compliance with the statutory condition. Waiving the question whether the filing of the original paper constituting the only record, if there was any record of the action of the town council, was a compliance with the requirement that a certified

copy of the resolution of the council be filed, we fail to find in the paper filed, conceding it to be genuine, any evidence that a resolution ever was passed by the town council of Danbury. A resolution is "a formal expression of the opinion or will of an official body or a public assembly adopted by a vote." See Webster's International Dictionary. It is "the determination or decision with regard to its opinion or intention of a deliberative or legislative body; . . . also a motion or formal proposition offered for adoption by such a body." See Black's Law Dictionary; *El Paso Gas, etc., Co. v. El Paso,* 22 Tex. Civ. App. 309 (54 S. W. 798); *Slate v. Delesdenier,* 7 Tex. 76. It seems to us, to constitute such a resolution as is contemplated by the statute, there must have been formal action of the town council and a record of such action preserved, for the statute requires a certificate of a record. From the record before us it does not appear that there was any formal action. Accepting the recital of the mayor as to what was done by the council, it appears that he called a vote on some question relating to defendant's application for the privilege of conducting a saloon, but what the question was or what he called a vote for is not made to appear. Such a matter should not be left to mere inference, for it is of great importance to the public that those who assume to sell intoxicating liquors shall not be allowed to do so unless the requirements of the statutes have been affirmatively complied with.

The requirement of a formal record which could be certified is equally unsatisfied. The town clerk attests the signature of the mayor to the paper which was offered in evidence, but he does not in any way or form attest or certify that any action of the town council was ever made a matter of record. By statute the town clerk is required to "make an accurate record of all proceedings and rules and ordinances adopted by the council and the same shall at all times be open to the public" Code, section 659.

Whatever may be the validity for other purposes of resolutions actually adopted by a town council but not properly made of record by the clerk, it is evident that for the purpose of the statute which we are construing a record is essential, for without a record there can be no certified record. We think the paper above set out does not constitute either a record or a certified copy of a record of any resolution of the town council.

As it appears from the record that defendant had not in the respects pointed out shown a compliance with the requirements of the statutes, he should have been enjoined from carrying on the business of selling intoxicating liquors.

The decree of the trial court is therefore *reversed.*